UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTA CONSTRUCTION, LLC,

                              Plaintiff,

                                                                         DECISION AND ORDER

                                                                         09-CV-6535L

                        v.

CONNELLY DRYWALL, LLC,

                              Defendant.
_____

**INTRODUCTION**

      Plaintiff Christa Construction, LLC ("Christa") commenced this action for breach of contract against defendant Connelly Drywall, LLC ("Connelly Drywall"). Christa now moves for default judgment against Connelly Drywall, as well as the dismissal of Connelly Drywall's counterclaims, for Connelly Drywall's failure to appear by counsel as ordered by the Court on March 30, 2011. (Dkt. #32).

      The Summons and Complaint were served on Connelly Drywall on or about November 3, 2009. (Dkt. #3). Connelly Drywall answered by counsel. (Dkt. #4). However, Connelly Drywall's counsel subsequently moved to withdraw and to stay the action for ninety (90) days to allow Connelly Drywall the opportunity to retain replacement counsel. That motion was granted on March 30, 2011. (Dkt. #27, #32), but Connelly Drywall has since failed to appear by counsel, and has indicated to Christa that it "does not have the resources to pursue this matter at this time." (Dkt. # 35-2 at Exh. B).

      Christa now moves for a default judgment pursuant to Fed. R. Civ. P. 55(b) in the amount of $393,662.00, plus interest at the statutory rate of 9% from October 23, 2009, and attorneys' fees

in the amount of $25,460.77, as well as the dismissal of Connelly's Drywall's counterclaims. (Dkt. #35). For the reasons set forth below, that motion is granted.

## FACTUAL ALLEGATIONS IN THE COMPLAINT

According to the complaint, Christa contracted with Connelly Drywall to supply certain services in connection with two projects for which Christa served as the general contractor: the Cortland College Suites ("Cortland Project") and the College Suites at Brockport ("Brockport Project"). On January 22, 2009, Christa and Connelly Drywall entered into a subcontract agreement pertaining to work on the Cortland Project ("Cortland Subcontract"). On February 25, 2009, the two parties entered into a subcontract agreement pertaining to the Brockport Project ("Brockport Subcontract").

Christa alleges that Connelly Drywall breached the same term of both subcontracts. Article 10.4.1 of both subcontracts states:

> Should the Subcontractor fail at any time to supply a sufficient number of properly skilled workmen or sufficient materials and equipment of the proper quality, or fail in any respect to prosecute the Work with promptness and diligence, or fail to promptly correct defective work or fail in the performance of any of the agreements herein contained, the Contractor may, at his option, provide such labor, materials and equipment and deduct the cost thereof, together with all loss or damage occasioned thereby, from any money then due or thereafter to become due to the Subcontractor under this Agreement.

(Dkt. #35-2 at Exh. D, E). Despite Christa's demands (after investigations by the U.S. Department of Homeland Security and the New York State Department of Labor regarding the eligibility for employment of Connelly Drywall's workers on both projects), it is alleged that Connelly Drywall failed to supply Christa with adequate assurances and other evidence of Connelly Drywall's ability to provide a sufficient number of legal and skilled workers to complete the assigned work in accordance with both Projects' schedules. As a result of the alleged breach of Article 10.1.4 of the subcontracts, Christa incurred costs that exceeded the

original subcontract price in the amount of $335,219.00 on the Brockport project and $58,533.00 on the Cortland Project. (Dkt. #14; Dkt. #35-2 at Exh. F). These figures reflect Christa's need to subsequently pay Connelly Drywall's own subcontractors for work performed on the Projects, as well as Christa's own need to complete Connelly Drywall's work for both Projects on time. It is conceded that prior to this breach, Christa paid Connelly Drywall $81,720.00 for work completed (Dkt. #37).

## DISCUSSION

Given Connelly Drywall's status as a Limited Liability Corporation, it is undisputed that it cannot proceed *pro se* in this action, but rather must be represented by an attorney. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Coun.*, 506 U.S. 194, 202 (1993) ("[i]t has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel"); *see also Lattanzio v. COMTA,* 481 F.3d 137, 140 (2d Cir. 2007) ("[a] limited liability company also may appear in federal court only through a licensed attorney"); *Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006) ("[i]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney..."); *Jones v. Niagara Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1980) ("[t]he rule that a corporation may litigate only through a duly licensed attorney is venerable and widespread").

Though the court allowed Connelly Drywall time to seek new counsel, and ultimately ordered Connelly Drywall to seek new counsel (Dkt. #32), it is clear that Connelly Drywall has not followed the Court's order. It also appears that Connelly Drywall does not plan on following this order in the future, as evidenced by its letter to Christa dated June 29, 2011, which states, *inter alia*, "Due to Christa Construction's refusal to pay for work completed, Connelly Drywall, LLC does not have the resources to pursue this matter at this time." (Dkt. #35-2 at Exh. B).

Connelly Drywall's refusal to comply with a court order mandating it to appear by counsel, notwithstanding its filing of answer by counsel who subsequently withdrew, constitutes

a default for failure to 'otherwise defend'.  *See* Fed. R. Civ. P. 55(a); *see also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d. Cir. 2011) ("[a] district court is also empowered to enter a default against a defendant that has failed to...'otherwise defend'"); *Shapiro, Bernstein & Co. v. Cont'l Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) (holding that a corporate defendant who filed an answer through attorney who later withdrew, and who failed to obey court order to appoint new counsel so case could proceed to trial, was in default for failure to 'otherwise defend').

It is well settled in the Second Circuit that a corporation's refusal to retain new counsel after the withdrawal of initial counsel is a valid basis for a default judgment.  *See Grace*, 443 F.3d at 192; *see also Shapiro*, 386 F.2d at 427; *Hounddog Prod., LLC v. Empire Film Grp., Inc.*, 767 F. Supp. 2d 480, 486 (S.D.N.Y. 2011) (stating that corporate defendant's repeated failure to appear by counsel, and noncompliance with the court's orders to retain new counsel following original counsel's withdrawal, warranted entry of default judgment against defendant for failure to 'otherwise defend' pursuant to Rule 55(a)).

Given Connelly Drywall's failure to 'otherwise defend' by its refusal to obtain new counsel, the plaintiff's motion for default judgment is granted.

Though Connelly Drywall is in default for failure to 'otherwise defend', the Court cannot merely accept Christa's request for damages without a careful review.

> Judgment against a defaulting party should be granted only after careful examination of the moving party's claim by the district court...Indeed, a defendant's default does not in itself warrant a court in entering a default judgment because there must be a sufficient basis in the pleadings for the judgment entered.

*Bianco v. Seaway Indus. Serv.*, 2004 WL 912916, *1 (W.D.N.Y. Apr. 01, 2004); *see also Enron Oil Corp. v. Masonori Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993).  Furthermore, the Second Circuit advises that "defaults are generally disfavored and are reserved for rare occasions," and when there is doubt as to the appropriateness of the default relief, "the doubt should be resolved

in favor of the defaulting party." *Enron Oil Corp.,* 10 F.3d at 96. The Court, therefore, must evaluate the merits of Christa's claims and the relief it seeks. *See Wagstaff-el v. Carlton Press Co.*, 913 F.2d 56, 57 (2d Cir. 1990).

I have reviewed the allegations in the complaint, as well as the accompanying exhibits pertaining to the subcontract agreements between the parties, and the invoices Christa has submitted to demonstrate the damages caused by the alleged breach, as well as for attorneys' fees. As to the subcontract agreements, I accept as true Christa's allegations that, despite due demand, Connelly Drywall failed or refused to put forth adequate assurances and other evidence of its ability to provide a sufficient number of legal and skilled workers to complete the designated projects in accordance with the set schedules. Because of this, and pursuant to Article 10.1.4 of both subcontracts, Christa allegedly incurred costs that exceeded the original subcontract price by 335,129.00 on the Brockport Project, and $58,533.00 on the Cortland Project.

I have examined in detail the pertinent documentary evidence in support of these claims, and have no reason to question the authenticity or accuracy of Christa's records showing a final cost of the Brockport Project which exceeds the original subcontract by $335,129.00 and $58,533.00 on the Cortland Project. (Dkt. #14; Dkt. #35-2 at Exh. F). For this reason, I award Christa damages in the amount of $393,662.00, plus interest at the statutory rate of 9% from October 23, 2009. (Dkt. #14; Dkt. #35-2 at Exh. F). *See Nwagboli v. Teamwork Transp. Corp.*, 2009 U.S. Dist. LEXIS 121893 at *6 (S.D.N.Y. 2009) (breach of contract damages may be awarded without a hearing where the damage amount is "susceptible to mathematical computation").

Further, Article 11.5 of the subcontract agreements states:

> If the Contractor shall prevail in any dispute resolved in accordance with this Article 11, then the Contractor shall be entitled to recover from the Subcontractor reasonable attorney's and other professional fees and the costs and expenses incurred by the Contractor in connection with the dispute resolution.

(Dkt. #35-2 at Exh. D, E). For this reason, Christa's motion for attorneys' fees in the amount of $25,460.77 is granted. (Dkt. #14; Dkt. #35-2 at Exh. G).

## CONCLUSION

For the foregoing reasons, Christa's motion for default judgment (Dkt. #35) is granted. I hereby direct the Clerk to enter judgment against Connelly Drywall LLC and in favor of Christa Construction in the amount of $393,662.00, plus interest at the statutory rate of 9% from October 23, 2009 to the date of this order, as well as attorneys' fees totaling $25,460.77. Connelly Drywall's counterclaims are dismissed with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 27, 2012.